UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| DEALER EXPRESS MARKETING, L.L.C., | ) | |
|---|---|---|
| A Foreign Limited Liability Company | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-08-1186 -D |
| | ) | |
| AUTODEALER EXPRESS, L.L.C., | ) | |
| An Oklahoma Limited Liability Company, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's Motion for Summary Judgment [Doc. No. 25]. Defendant responded[1], and Plaintiff has filed a reply.

Plaintiff asserts claims based on breach of contract and fraudulent misrepresentations in connection with the negotiation of the contract. Defendant denies the allegations. In its summary judgment motion, Plaintiff argues the undisputed evidence establishes that it is entitled to recover on its claims as a matter of law.

I. Summary judgment standards:

Summary judgment is proper where the undisputed material facts establish that a party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). To dispute a material fact, the party opposing summary judgment must offer more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict" for him. *Id.* The facts and

---

[1]Defendant initially failed to respond by the deadline set forth in the Local Civil Rules; however, after the response deadline expired, counsel sought an extension of time to file the response [Doc. No. 17]. Counsel also requested leave to file witness and exhibit lists after the deadline for doing so had expired [Doc. No. 19]. Although the Court admonished counsel regarding her failure to comply with Court deadlines, it granted the requested extensions. *See* Order [Doc. No. 23].

reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *MacKenzie v. City & County of Denver*, 414 F. 3d 1266, 1273 (10th Cir. 2005). To overcome a summary judgment motion, however, the non-movant must go beyond the pleadings and present facts, admissible in evidence, from which a rational trier of fact could find in its favor; conclusory arguments are insufficient, as the facts must be supported by affidavits, deposition transcripts, or specific exhibits incorporated therein. *Adler v. Wal-Mart Stores, Inc.*, 144 F. 3d 664, 671-72 (10th Cir. 1998). It is not the Court's responsibility to attempt to find evidence which could support the position of the party opposing summary judgment. *Id.* at 672.

Although the burden of showing the absence of a genuine issue of material fact is upon the movant, the non-movant "'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Champagne Metals v. Ken-Mac Metals, Inc.*, 458 F. 3d 1073, 1084 (10th Cir. 2006) (quoting *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F. 3d 1193, 1196 (10th Cir. 2005) and *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U. S. 574, 586 (1986)). "For purposes of summary judgment, 'facts must be established by evidence which would be admissible at trial.'" *BancOklahoma Mortgage Corp. v. Capital Title Co.*, 194 F. 3d 1089, 1101 (10th Cir.1999). "The party resisting the motion may not rest upon the mere allegations or denials of his pleadings to avoid summary judgment." *Manders v. State of Oklahoma ex rel. Dept. of Mental Health*, 875 F.2d 263, 265 (10th Cir. 1989) (citing *Anderson*, 477 U. S. at 248). Such allegations or denials "at best amount to only a 'mere scintilla of evidence' insufficient to overcome" the motion. *Steinberg v. Allen*, 1992 WL 339065, at *2 (10th Cir. Nov. 17, 1992) (unpublished opinion) (citing *Manders*, 875 F.2d at 265 and *Anderson*, 477 U. S. at 251). Conclusory allegations unsupported by specific evidence "will be insufficient to establish a genuine issue of fact" and defeat a motion for summary judgment. *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 902 (1990).

II. Evidence in the record:

As required by Local Civil Rule 56.1(b), Plaintiff has submitted a statement of material facts which it contends are not disputed. As evidence supporting these facts, Plaintiff submits the affidavit of Richard L. Nichols, submitted as Exhibit A to the Motion ("Nichols affidavit"). Attached to the Nichols affidavit is a copy of the contract executed by the parties on or about March 12, 2008 (the "Contract"). According to the affidavit, Nichols participated in the negotiation and ultimate execution of the Contract and participated in its performance on behalf of Plaintiff. Nichols affidavit, ¶¶ 1, 2. A copy of the Contract is attached as Exhibit A to the Nichols affidavit.

Defendant does not dispute that the Contract was executed on March 12, 2008, nor does it contest Nichols' statements regarding the Contract's purpose, its terms and provisions, and the parties' respective obligations thereunder. Defendant's Response, ¶¶ 1 through 4. Accordingly, it is undisputed that, pursuant to the Contract, Plaintiff paid Defendant $100,000 plus future royalties; in return for that consideration, Defendant was required to: 1) provide Plaintiff with an exclusive license for proprietary software which involved a method of obtaining customer information for use by automobile dealerships; 2) develop for Plaintiff's use additional software for use by motorsports dealers, marine equipment and boat dealers, and recreational vehicle dealers; and 3) provide updates and upgrades for the software provided to Plaintiff. Nichols affidavit, Plaintiff's Exhibit A; Contract, ¶¶ 1through 3.

Plaintiff submits evidence that Defendant 1) did not deliver all of the required software regarding automobiles, and did not deliver any marine, motorsports or recreational vehicle software; 2) made sales calls and attempted sales within the territory it exclusively licensed to Plaintiff; 3) failed to provide updates and upgrades for the automobile software delivered to Plaintiff. Nichols affidavit, ¶ 3. Plaintiff contends these actions or omissions constitute a breach of the Contract.

3

In addition, Plaintiff alleges Defendant made material misrepresentations and inducements to Plaintiff during the Contract negotiations, Defendant knew that such representations were false, and Plaintiff relied on these representations in agreeing to purchase the software. *Id.*, ¶ 4. According to Plaintiff's evidence, these inducements included Defendant's representation that the software provided was compatible with that of prospective clients and that the additional marine, motorsports and recreational vehicle software would be provided; however, these representations were not true. Nichols affidavit, ¶ 4.

In responding to the Motion, Defendant presents no substantive argument. The response is limited to responding to the eight statements of undisputed fact set forth in Plaintiff's brief. Defendant expressly admits that the Contract was executed on March 12, 2008 by the parties' authorized representatives, that the subject matter of the Contract is correctly described by Plaintiff, and that it was applicable to automobiles, marine motorsports, and recreational vehicles. Plaintiff's Response, ¶¶ 1 through 4. Defendant then denies that it failed to satisfy its contractual obligations. *Id.*, ¶¶ 5-8. However, these denials merely repeat the statements in its Answer, and are not supported by admissible evidence. In fact, Defendant submits no evidence whatsoever in its response to the summary judgment motion. Although Defendant states that an affidavit of Mark Vice is attached as Exhibit A to the Response, no exhibit was submitted.

As discussed above, Defendant's conclusory denials do not create material fact disputes sufficient to overcome Plaintiff's motion. The only evidence in the record before the Court is that submitted by Plaintiff, and Defendant has submitted no evidence to contradict Plaintiff's submissions. The lack of evidence was pointed out in Plaintiff's reply brief, but Defendant failed to seek leave to file a sur-reply, or otherwise apprise the Court that the referenced affidavit was omitted. Therefore, the Court will apply the only evidence in the record to determine if that

4

evidence entitles Plaintiff to judgment on its claims of breach of contract and fraudulent misrepresentation.

III. Application:

    A. Breach of contract claim:

Pursuant to the express terms of the Contract, Oklahoma law governs its interpretation and enforcement. Contract, ¶ 20. Under Oklahoma law, to prevail on its breach of contract claim, Plaintiff must prove: 1) the formation of a contract; 2) Plaintiff's performance of its obligations; 3) Defendant's nonperformance or breach; and 4) actual damages resulting to Plaintiff. *Oltman Homes, Inc. v. Mirkes*, 190 P. 3d 1182, 1185 (Okla. Civ. App. 2008). As set forth above, Plaintiff has presented facts in support of its motion sufficient to establish these elements; Defendant has failed to submit evidence sufficient to create a material factual dispute with regard to these elements. As a matter of law, Plaintiff is entitled to judgment on its breach of contract claim.

The Court concludes that the undisputed evidence in the record establishes that Plaintiff is entitled to judgment on its breach of contract claim. The Motion is granted as to that claim.

    B. Fraudulent misrepresentation claim:

To recover on its claim for fraudulent misrepresentation, Plaintiff must establish: 1) Defendant made a material misrepresentation; 2) it was false; 3) Defendant made the representation knowing it was false or in reckless disregard for the truth; 4) Defendant intended that Plaintiff act on the representation; 5) Plaintiff acted in reliance upon it; and 6) Plaintiff thereby suffered injury. *Sturgeon v. Retherford Publications, Inc.,* 987 P. 2d 1218, 1228 (Okla. Civ. App. 1999) (citing *Ramsey v. Fowler*, 308 P. 2d 654, 656 (Okla. 1957)). Plaintiff's evidence in support of summary judgment establishes these elements; Defendant has failed to dispute these elements by submitting admissible evidence sufficient to create a material factual dispute regarding any element.

Accordingly, Plaintiff is entitled to judgment, and its motion is granted as to this claim.

C. Damages:

The evidence submitted by Plaintiff in support of its claims seeks damages consisting of $100,000.00, the undisputed amount of consideration it paid upon executing the Contract. In addition, it seeks damages of $7,500.00, stating that amount was paid to Defendant to satisfy Plaintiff's contractual obligation to pay future royalties to Defendant. Nichols affidavit, ¶ 6. Plaintiff also seeks damages of $78,000.00, consisting of "costs associated with setting up the business in reliance on the contract," and $225,000.00 in "estimated lost profit," based on an average $15,000 per month for 15 months. *Id.*

The damages recoverable for a breach of contract are prescribed by statute, as follows:

> For the breach of an obligation arising from contract, the measure of damages, except where otherwise expressly provided by this chapter, is the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom. No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin.

Okla. Stat. tit. 23 § 21. "Damages claimed for breach of contract cannot be recovered unless they are clearly ascertainable, both in their nature and origin, and it must be made to appear that they are the natural and proximate consequence of the breach of the contract and not speculative and contingent." *Fowler v. Lincoln County Conservation Dist.*, 15 P. 3d 502, 207 (Okla. 2000).

The undisputed evidence before the Court consisting of the $100,000.00 expended by Plaintiff as initial consideration for the Contract is sufficient to satisfy the statutory requirements. However, there is no documentation supporting the payment of $7,500.00 in royalties to Defendant, nor is there evidence supporting the claimed $78,000.00 expended in setting up the business. Although it is not disputed that, under the Contract, Plaintiff was required to pay royalties to

6

Defendant, Plaintiff submits no evidence to explain the basis for the amount paid, and there is no documentation supporting the Nichols affidavit in this regard. Nor does Plaintiff explain why funds were required for "setting up the business" as a result of the Contract.

The Court concludes that Plaintiff has submitted insufficient evidence to support its damages claims for royalty payments and losses purportedly caused by "setting up the business." Those damages will not be included in a summary judgment order.

Similarly deficient is Plaintiff's claim for damages consisting of lost profits. The claim for $225,000.00 in lost profits is not supported by any evidence other than Nichols' statement in his affidavit. Furthermore, the affidavit expressly states that the amount claimed is an estimate. Other than calculating an estimate of $15,000.00 per month for 15 months, Nichols offers no explanation of the basis for the claim that Plaintiff lost profits as a result of Defendant's breach of contract.

A claim for lost profits "need not be proven with absolute certainty." *Boatsman v. Southwestern Bell Yellow Pages, Inc.*, 30 P. 3d 1174, 1177 (Okla. Civ. App. 2001). However, to recover lost profits, a plaintiff is required to present evidence of the lost profits with "'sufficient certainty that reasonable minds might believe from a preponderance of the evidence that such damages were actually suffered.'" *Id.* (quoting *Florafax Int'l. v. GTE Market Resources,* 933 P. 2d 282, 296 (Okla. 1997)). A plaintiff may do so by presenting evidence of facts "'from which damages may be logically and legally shown and inferred.'" *Boatsman*, 30 P. 3d at 1178 (quoting *Carpenters' Local 1686 v. Wallis*, 237 P. 2d 905, 908 (Okla. 1951)).

In this case, Plaintiff has failed to submit evidence from which the Court can determine that profits were lost as a result of Defendant's conduct. Even if such evidence were presented, the claimed basis for the amount of such damages consists only of an estimate. Nichols' estimate, without more, is insufficient to support the contention that Plaintiff lost profits and, if so, the amount

7

of the loss.

The same result applies if the requested damages are sought for Defendant's fraudulent misrepresentation. To recover damages, Plaintiff must show that the injury suffered was caused by Defendant's tortious conduct. The injury alleged and proven must be certain and not speculative. *Consolidated Grain & Barge Co. v. Structural Systems, Inc.*, 212 P. 3d 1168, 1171 n. 8 (Okla. 2009). As discussed above, the evidence before the Court is sufficient to satisfy this standard only as to Plaintiff's claim for damages consisting of the $100,000.00 it paid as consideration for the Contract. Plaintiff's other damages claims are not supported by evidence sufficient to warrant their award.

IV. Conclusion:

For the foregoing reasons, Plaintiff's Motion for Summary Judgment [Doc. No. 13] is granted in part; it is GRANTED as to liability on Plaintiff's breach of contract claim and claim for fraudulent misrepresentation. However, the evidence before the Court does not support the damages claimed by Plaintiff beyond the $100,000.00 amount as discussed above. Thus, the issue of additional damages remains for trial.

IT IS SO ORDERED this 24th day of March, 2010.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE